OWEN, Judge.
On September 14, 1967, the Grand Jury of Brevard County filed an interim report. There was then filed in the circuit court a motion to quash, suppress and expunge the grand jury presentment. Thereupon the senior circuit judge of the Eighteenth Judicial Circuit entered an order disqualifying all of the judges of such circuit from acting further in the matter, and pursuant to such order of disqualification, the Chief Justice of the Supreme Court assigned the Honorable George E. Adams, Judge of the Ninth Judicial Circuit, to proceed to the Eighteenth Judicial Circuit to hear, conduct, try and determine the cause (and other related causes) to a conclusion. Judge Adams held a hearing in Brevard County on October 17, 1967, at which time testimony was taken before the court. The following day he entered an order in the cause by which he fully disposed of all pending motions relating to this matter and ordered that the grand jury presentment filed September 14, 1967, be quashed, suppressed, removed and expunged from the records of the court.
On October 19, the assigned circuit judge entered a further order sua sponte reciting that the testimony taken at the hearing on October 17 indicated that one or more persons might be in contempt of the Circuit Court of the Eighteenth Judicial Circuit under Section 905.17, F.S.1965, F.S.A., but that since the conduct involved occurred over a period of time longer than the period during which the grand jury heard testimony and made its interim report which was the subject of the instant proceedings, the assigned circuit judge felt he was without jurisdiction to institute, hear or determine the matter of said contempt. The order then provided that the court reporter transcribe the testimony of the witnesses in the proceedings before the court on October 17 and present the same to the presiding judge of the Eighteenth Judicial Circuit for such action as he might deem proper.
The State of Florida took an interlocutory appeal from the last recited order contending that the assigned circuit judge had not completed his assignment and did not have authority to transfer the cause back to the resident circuit judges who had disqualified themselves.
The record discloses that the assigned judge had ruled on all matters then pending in the cause and that the order which was entered on October 18, 1967, was final in nature insofar as all matters then pending. The State contends, however, that since the assigned judge felt the testimony he heard on October 17 might be the basis of a charge of criminal contempt against one or more persons under Section 905.17, F.S.1965, F.S.A., the case had not been “heard to its conclusion” and consequently, the assigned judge should have retained jurisdiction. The State further contends that even if the assigned judge did not have further jurisdiction of the cause, he was without authority to transfer the cause back to the resident judges who had previously disqualified themselves.
Neither of the State’s contentions is sound. Proceedings at law for criminal contempt are matters between the public and the contemner and are not a part of the original cause. Seaboard Airline Ry. Co. v. Tampa Southern R. Co., 1931, 101 Fla. 468, 134 So. 529. Consequently, the possibility of criminal contempt charges subsequently being filed, not being a part of the original cause, would certainly not indicate a failure of the assigned judge to have “heard the matter to its conclusion”.
The record discloses that the basis upon which the resident judges disqualified themselves was an allegation in the motion to quash that there were unauthorized per *400 sons in attendance at the grand jury proceedings. This allegation was disposed of by the order entered by the assigned judge on October 18. While the order of October 19 did not actually “transfer” the cause back to the presiding resident circuit judge, in any event the basis of the prior disqualification of the resident judges had been removed and any consideration of criminal contempt charges would be a new and separate proceeding. Seaboard Airline Ry. Co. v. Tampa Southern R. Co., supra.
The order appealed from is affirmed.
McCAIN and REED, JJ., concur.