*245 MR. CHIEF JUSTICE HASWELL
delivered the opinion of the Court.
Petitioner McKendry seeks a writ of supervisory control to issue to Judge Douglas Harkin of the Fourth Judicial District directing him to withdraw from all further participation in the above-entitled cause. We deny the petition.
Respondent judge had jurisdiction of “State v. Patrick McKendry,” a Lake County case, by virtue of respondent’s criminal trial jurisdiction in Lake County in 1982. Because of a heavy trial schedule and case load, respondent issued an order on June 9, 1982, which included the following:
“The undersigned, because of the press of other scheduled trials, hereby invites the Honorable Robert M. Holter to assume jurisdiction in the above entitled cause.”
On June 14, 1982, Judge Holter assumed jurisdiction, but on June 18, 1982, defendant moved for substitution of another judge for Judge Holter. Thereupon, respondent invited Judge Nat Allen to assume jurisdiction, which Judge Allen did on June 25, 1982.
On June 30, 1982, the State moved for a substitution of another judge for Judge Allen. On July 29,1982, respondent issued the following order:
“The undersigned, no longer experiencing scheduling difficulties that were present on June 9, 1982, hereby resumes his original jurisdiction in the Cause and sets Defendant’s Motion for Suppression of Evidence for hearing at 1:00 p.m. on August 17, 1982.
“It is further ordered that this case is set for trial on September 1, 1982, at 10:00 a.m. in the Lake County Courthouse, Poison, Montana.”
On August 9, 1982, defendant McKendry petitioned this Court for a writ of supervisory control directing respondent to relinquish all further jurisdiction in the case. Respondent answered, arguing that respondent could reassume jurisdiction when the reason for disqualification ceased to exist.
The issue on appeal is: May the respondent judge reassume jurisdiction when the cause for which he voluntarily *246 relinquished jurisdiction is no longer present?
Petitioner argues that by the June 9 order, respondent was divested of all jurisdiction in this matter and may not reenter the case. Petitioner also contends that by virtue of section 3-1-802, MCA, only Judge Holter, as the first judge disqualified, could call in subsequent judges and respondent was without authority to so act.
Respondent argues that section 3-1-802, MCA, is not controlling and that petitioner’s action is merely a delay tactic. Neither counsel have referred us to any dispositive Montana cases.
We do not find section 3-1-802, MCA, to be applicable to Judge Harkin’s June 9 and July 29 orders. That statute provides in part:
“A motion for substitution of a judge shall be made by filing a written motion for substitution reading as follows:
“ ‘The undersigned hereby moves for substitution of another judge for Judge_in this cause.’ The clerk of court shall immediately give notice thereof to all parties and to the judge named in the motion. Upon filing this notice, the judge named in the motion shall have no further power to act in the cause other than to call in another judge, which he shall do forthwith, and to set the calendar.
“The first district judge disqualified shall have the duty of calling in all subsequent district judges.”
It is clear that this statute speaks to the situation where one party moves for a substitution of judges. The statute also states that upon the filing of the clerk’s notice thereof, the judge named in the motion shall have no further power to act. With regard to Judge Harkin, however, there was no motion for substitution but simply Judge Harkin’s order inviting Judge Holter to assume jurisdiction because Judge Harkin was confronted with the press of other scheduled trials at that time. Thus, we find that section 3-1-802, MCA, does not address the present circumstances and the statement therein that the judge shall have no further *247 power to act is inapplicable.
The rule of law governing this case is found in the following authority:
“. . .In view of the general control of a court over its orders and decrees rendered at the same term, most of the cases are consistent with the doctrine that, absent statutory provision to the contrary, the bare fact of there having been a judicial order or determination of a judge’s disqualification does not prevent his reassuming full jurisdiction by timely order showing that in fact there was no disqualification or that the same has been removed. . .” (Citations omitted; emphasis added.) 46 Am.Jur.2d Judges, §234 at page 256 (1969).
In Flannery v. Flannery (1969), 203 Kan. 239, 452 P.2d 846, the original district judge disqualified himself from the plaintiff’s divorce case and another judge decided the case. Subsequently, plaintiff wife filed a motion to modify the divorce decree and the original judge determined that he would hear the motion, since the issues upon which he felt disqualified had been resolved. This action was affirmed on appeal, the court rejecting plaintiffs argument that once a judge has disqualified himself, his disqualification persists throughout all subsequent proceedings. See also, In Re Brevard County Grand Jury (Fla.App.1968), 206 So.2d 398 (previously disqualified judges on a grand jury presentment had jurisdiction to hear contempt matters relating to testimony taken in connection with the presentment because the basis of the prior disqualification had been removed), and see generally, 162 ALR 641 (1946).
In view of these authorities we hold that respondent may reassume jurisdiction of this case.
The dissent in this case places sole reliance on State ex rel. Moser v. District Court (1944), 116 Mont. 305, 151 P.2d 1002, where it was held that when a judge relinquished jurisdiction over a cause he could not later cite Moser for contemptuous actions allegedly arising out of the same case. We distinguish Moser on two grounds. First, the order re *248 questing another judge to assume jurisdiction there did not give any reasons for the transfer of the case as was done here. For reasons of efficient judicial administration, when the basis for relinquishing jurisdiction of a cause disappears, the original judge should be able to resume hearing the case. Here, respondent’s pressing workload dissipated and respondent should be able to reassume jurisdiction of this case. When the reason for a rule ceases, so should the rule itself, section 1-3-201, MCA.
Secondly, here there is no issue of two judges having jurisdiction over the same case as there was in Moser. There, Judge King had assumed jurisdiction of the case and Judge Hattersly attempted to hold contempt proceedings and enter judgment against Moser for conduct allegedly arising out of the same case. Here, both judges who were called in (Holter and Allen) were disqualified, leaving respondent with sole jurisdiction by virtue of the July 29 order.
Petition denied.
MR. JUSTICES DALY, HARRISON, MORRISON and WEBER concur.